UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br>    v.<br><br>ANDRE WAGNER,<br><br>                     Defendant. | Case No. 3:17-cr-00046-MMD-WGC<br><br>ORDER |

**I.    SUMMARY**

Defendant Andre Wagner was indicted on one count of possession of ammunition by a prohibited person in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (ECF No. 17 at 2.) Wagner moves to dismiss the Superseding Indictment, contending that his prior misdemeanor conviction under Reno Municipal Code does not qualify as a predicate offense to make him a "prohibited person" under the relevant statute. The Court has reviewed Wagner's motion to dismiss, the government's response and Wagner's reply. (ECF Nos. 35, 37, 38.) The Court agrees with Wagner and grants his motion.

**II.    BACKGROUND**

Count Two of the Superseding Indictment charges Wagner with possession of ammunition by a prohibited person. (ECF No. 17 at 2.) The Superseding Indictment alleges that Wagner knowingly possessed ammunition after "having been convicted of a misdemeanor crime of domestic violence in the Reno Municipal Court, Reno, Nevada, on or about September 22, 2016[.]" (*Id.*) The criminal complaint filed in Reno Municipal Court charged Wagner with domestic battery in violation of NRS §§ 200.481 and 33.018. (ECF

No. 35-1.) On September 22, 2016, Wagner pled nolo contendre to the lesser offense of simple battery in violation of Reno Municipal Code § 8.08.020A. (ECF No. 35-2 at 4.)

### III. DISCUSSION

Wagner raises three arguments in seeking dismissal. The first two arguments relate to the predicate offense. Wagner insists that he was not convicted of the predicate offense of "misdemeanor crime of domestic violence" as required under 18 U.S.C. § 922(g)(9) ("section 922(g)(9)" or "§ 922(g)(9)") because he was convicted of a misdemeanor under municipal law, not state law, and because the Indictment fails to plead the required elements of the predicated offense of domestic battery. (ECF No. 35 at 5-10.) His third argument challenges the constitutionality of the statute as applied. (*Id.* at 10-13.) Because the Court agrees with Wagner that conviction of a simple misdemeanor under municipal law does not meet the requirement for the predicate offense under 18 U.S.C. § 921(a)(33)(A) ("section 921(a)(33)(A)" or "§ 921(a)(33)(A)"), the Court declines to address the latter two arguments.

Section 922(g)(9) provides, in pertinent part, that it is "unlawful for any person . . . who has been convicted in any court of a misdemeanor crime of domestic violence [] to . . . possess . . . ammunition." 18 U.S.C. § 922(g)(9). Section 921(a)(33)(A) in turn defines the term "misdemeanor crime of domestic violence" to mean an offense that—

**(i)** is a misdemeanor under Federal, State, or Tribal law; and

**(ii)** has, as an element, the use or attempted use of physical force, or the threatened use of a deadly weapon, committed by a current or former spouse, parent, or guardian of the victim, by a person with whom the victim shares a child in common, by a person who is cohabiting with or has cohabited with the victim as a spouse, parent, or guardian, or by a person similarly situated to a spouse, parent, or guardian of the victim.

18 U.S.C. § 921(a)(33)(A). Wagner argues that the plain meaning of "State law" found at section 921(a)(33)(A)(i) means state law while the government argues that the term includes local laws.

"The starting point for [the court's] interpretation of a statute is always its language." *United States v. Olander,* 572 F.3d 764, 768 (9th Cir. 2009) (quoting *Tahara*

*v. Matson Terminals, Inc.,* 511 F.3d 950, 953 (9th Cir. 2007)). The "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.,* 519 U.S. 337, 340 (1997). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341.

The plain and unambiguous language of section 921(a)(33)(A) supports Wagner's argument that a misdemeanor conviction under municipal law does not constitute a predicate offense for violation of section 922(g)(9). Section 921(a)(33)(A)(i) covers a misdemeanor under three specific categories of substantive laws: "Federal, State and Tribal law." The statute clearly and plainly does not cover a misdemeanor conviction under municipal or local law. In this respect, the Court agrees with two other courts that have similarly construed § 921(a)(33)(A)(i) to exclude municipal ordinances. *See United States v. Enick,* Case No. 2:17-cr-00013-BLW, 2017 WL 2531943, at *2 (D. Idaho June 9, 2017) (finding that 18 U.S.C. § 921(a)(33)(A) is unambiguous in "providing that only a violation of 'Federal, State, or Tribal law' can constitute a predicate offense for a prosecution under 18 U.S.C. § 922(g)(9)" and that the statute does not include a conviction for misdemeanor assault charge under Spokane Municipal Code); *United States v. Pauler,* 857 F.3d 1073, 1078 (10th Cir. 2017) (interpreting 933(a)(33) to "not include a violation of a municipal ordinance" and rejecting the government's argument that "State" should be read to mean "state and local").

The government argues that a misdemeanor conviction in a municipal court is the equivalent of a misdemeanor conviction under state law. As support, the government relies on NRS § 1.010's inclusion of municipal courts as a "court of justice" for the State and NRS § 268.018's grant of authority to an incorporated city to treat a misdemeanor under state law as a misdemeanor under city ordinance. (ECF No. 37 at 2-3.) However, the government's focus on the court of conviction is misplaced because the court of conviction is of no import. Section 922(g)(9) covers a conviction "in any court of a

misdemeanor crime of domestic violence." There is no dispute that the Reno Municipal Court has jurisdiction over the matter. In fact, the complaint filed in Reno Municipal Court charged Wagner with a misdemeanor under NRS § 200.481 and NRS § 33.018 as adopted by § 1.04.015 of the Reno Municipal Code. Just because the Reno Municipal Court could have convicted Wagner of a misdemeanor in violation of state law does not render all convictions by the same court convictions under state law. Nor does the municipal court's status as a "court of justice" for the state make a municipal court conviction under municipal law a conviction under state law. The Court agrees with Wagner that "[t]he relevant question . . . is what body of law a court's order construes, not what type of court is construing it." (ECF No. 38 at 2.)

As to the government's argument that the city may treat a misdemeanor under state law as a misdemeanor under city ordinance, such grant of authority does not turn a misdemeanor under the municipal code into a misdemeanor under state law. While NRS § 268.018 gives a municipality the authority to treat a misdemeanor under state law as a misdemeanor under city ordinance, the government cites to no Nevada statute that incorporates municipal ordinances as state law. As Wagner aptly points out, the Reno Municipal Code enumerates its own set of laws that criminalizes some conduct that are not covered under the Nevada Revised Statutes. (ECF No. 38 at 3.)

Despite the statute's plain meaning, the government argues that constructing state law to include local laws (i.e., municipal ordinances) is consistent with Congress's intent in enacting § 922(g)(9) to "keep[] guns out of the hands of domestic abusers." (ECF No. 37 at 4 (quoting *United States v. Hayes,* 555 U.S. 415, 426 (2009)). However, because the Court finds that the statute is unambiguous, "that meaning is controlling." *United States v. Williams,* 659 F.3d 1223, 1225 (9th Cir. 2011). Indeed, the Court "need not examine legislative history as an aide to interpretation unless 'the legislative history clearly indicates that Congress meant something other than what it said.'" *Id.* (quoting *Carson Harbor Vill., Ltd. v. Unocal Corp.,* 270 F.3d 863, 877 (9th Cir.2001) (en banc)). ///

But even if the Court were to consider the legislative history, the Court is not persuaded that, as the government argues, Congress meant for state law to include local laws.

In considering the legislative history, the Court does not have to start with a clean slate. The court in *Enick* engaged in that exercise and found that "the legislative history strongly suggests that Congress purposely excluded local law from the list of predicate offenses." *Enick*, 2017 WL 2531943, at *2. The court reached this conclusion based on the following observations: Congress amended § 921 in 2006 to include tribal law to the list of substantive law the violation of which constituted the predicate offense for § 922(g)(9) and "[t]he same amendment also distinguished 'local law' in dozens of other portions of § 921, but not § 921(a)(33)(A)(i)." *Id.* The Court agrees with the *Enick* court's reasoning. The government cites to Black's Law Dictionary's definition of "state law" at the time the two statutory provisions—§§ 922(9)(g) and 921(a)(33)—were enacted in 1996—as including "ordinances of a city or town." (ECF No. 37 at 3 (quoting *State Law*, BLACK'S LAW DICTIONARY (6th ed. 1990).) However, this argument ignores the 2006 amendment. Moreover, this argument, as the Tenth Circuit Court of Appeals observed in *Pauler,* "completely ignores the fact that §§ 921 and 922 clearly and consistently differentiate between states and municipalities and between state laws and municipal ordinances." *Pauler,* 857 F.3d at 1075.

"The Supreme Court has stated that 'a legislature says in a statute what it means and means in a statute what it says there." *Benko v. Quality Loan Serv. Corp.*, 789 F.3d 1111, 1118 (9th Cir. 2015) (quoting *Connecticut Nat'l Bank v. Germain,* 503 U.S. 249, 253-54 (1992). Here, Congress meant state law when it says "State [] law", not "state and local laws" as the government argues.

Wagner's misdemeanor conviction under the Reno Municipal Code does not fall within section 921(a)(33)(A)(i) and therefore does not qualify as a predicate offense to make him a "prohibited person" under section 922(g)(9). The Court therefore agrees with Wagner that Count Two in the Superseding Indictment against him must be dismissed.
///

## IV. CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of Wagner's motion.

It is therefore ordered that Defendant Andre Wagner's Motion to Dismiss (ECF No. 35) is granted.

DATED THIS 5th day of October 2017.

---
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE